Jose **HERNANDEZ–MATA,** Petitioner,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

No. 07–70238.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 7, 2008.

Helen B. Zebel, Esq., Law Office of Helen B. Zebel, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Jose Hernandez–Mata, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the IJ's denial of a continuance and de novo claims of due process violations in removal proceedings, *Sandoval–Luna v. Mukasey,* 526 F.3d 1243, 1246 (9th Cir.2008) (per curiam), and we deny the petition for review.

The IJ did not abuse his discretion in denying Hernandez–Mata's motion for a continuance where the IJ afforded Hernandez–Mata sufficient opportunity to present evidence of hardship and gave full weight to the substance of the evidence to be presented by the unavailable witness. *See Gonzalez v. INS,* 82 F.3d 903, 908 (9th Cir.1996) (a decision whether to grant a continuance will be overturned only upon a showing of clear abuse of discretion). It follows that the IJ did not violate Hernandez–Mata's due process rights in denying a continuance. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).